UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD P. HENNELLY,

                Plaintiff,

  V.                                                3:10-CV-966

TOWN OF MIDDLETOWN, and
CARL P. DAVIS,

                Defendants.
_____

**THOMAS J. McAVOY,**
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff commenced this action in New York state court asserting that Defendants deprived him of his property without due process in violation of the his rights secured by the Fourteenth Amendment to the United States Constitution. See Compl., dkt. # 1. Defendants removed the action to this Court and now move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the action. Plaintiff has opposed the motion. For the reasons that follow, the motion is granted and the action is dismissed without prejudice.

1

**II.     BACKGROUND**[1]

Plaintiff owns a 150-acre parcel of land in the Town of Middletown, New York.  He resided in a single-family dwelling on the property.  In 2005, Plaintiff sought to build a second single-family dwelling on the property.  He applied to Defendant Carl P. Davis, Town of Middletown Code Enforcement Officer, for a building permit authorizing construction of the second dwelling.  Davis issued the building permit on March 7, 2005.  Plaintiff thereafter spent approximately $450,000.00 in the construction of a second single-family dwelling.  However, in April of 2006, when Plaintiff applied for a Certificate of Occupancy for the second dwelling, Davis advised Plaintiff that Town of Middletown zoning regulations prohibited two single-family dwellings on a single lot.  Davis agreed to issue the Certificate of Occupancy for the second dwelling on the condition that Plaintiff sign an affidavit indicating that he would use the older dwelling only for storage.   Although Plaintiff did not want to abandon use of the older dwelling as a residence, he signed the affidavit.  Plaintiff brings the present action asserting that Davis' and the Town's conduct deprived him of his property rights in the use of the two dwellings without due process of law.

Defendants move to dismiss the action asserting, *inter alia*, the claim is not ripe for adjudication.  In this regard, Defendants assert that Plaintiff failed to utilize any of the available administrative mechanisms whereby he might have been able to obtain approval to utilize both structures as single-family dwellings.  These available administrative mechanisms  included appealing the Code Enforcement Officer's determination that

---

[1] Only the facts relative to the Court's decision are set forth in the text.  Unless indicated otherwise, the facts are taken from the Complaint.

2

subdivision approval was required to the Zoning Board of Appeals; seeking subdivision approval for a two-lot subdivision; seeking a variance of the applicable zoning ordinance and subdivision regulations from the Zoning Board of Appeals; or applying for a waiver of the subdivision regulations.  Defendants contend that without a final local authority determination on Plaintiff's sought-after land use, the constitutional claim is not ripe for adjudication.

Plaintiff does not dispute that he failed to pursue any of these available administrative mechanisms but argues that such efforts would have been futile because Town regulations are clear that two single-family dwellings are not permitted on the same lot.  He further contends that subdivision, a variance, or a waiver would have likely been denied because the second-dwelling is situated on a portion of the lot without road frontage.  On the road frontage issue, Defendants argue, *inter alia*,  that Plaintiff could have sought an area variance to utilize an easement or other means to obtain approval without having physical road access for the lot, or Plaintiff could have sought a use variance to permit two dwellings on a single lot.

**III.    DISCUSSION**

"The question of ripeness raises issues of Article III's case or controversy requirement as well as prudential limitations on the exercise of judicial authority." Bikur Cholim, Inc. v. Village of Suffern, 664 F. Supp.2d 267, 274 (S.D.N.Y. 2009)(citing Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733 n. 7, 117 S. Ct. 1659, 137 L.Ed.2d 980 (1997)).  "It requires a determination of whether the Court should defer until such time

3

as the claims have matured into a more appropriate form before the Court." Id. (citing Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967)).

"Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated in Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S. Ct. 3108, 87 L. Ed.2d 126 (1985)." Lost Trail LLC v. Town of Weston, 289 Fed. Appx. 443, 444 (2d Cir. 2008); see also Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 349 (2d Cir. 2005); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir. 2002). Under Williamson County, to establish jurisdictional ripeness in a zoning dispute, Plaintiff bears a "high burden of proving that [the Court] can look to a final, definitive position from a local authority to assess precisely how [Plaintiff] can use [his] property." Murphy, 402 F.3d at 347 (citation omitted). "[P]rong-one ripeness reflects the judicial insistence that a federal court know precisely how a property owner may use his land before attempts are made to adjudicate the constitutionality of regulations purporting to limit such use." Id. at 352. As a result, until the "appeal process is exhausted and a final, definitive decision from the local zoning authorities is rendered, this dispute remains a matter of unique local import over which we lack jurisdiction." Id. at 354.

Where, as here, the potential exists for the application for a variance from the zoning regulations, the claim is not ripe unless a final decision is made on the application. See Williamson County, 473 U.S. at 193-94 ("[I]n the face of [the developer's] refusal to follow the procedures for requesting a variance" the developer had "not yet obtained a final decision regarding how it [would] be allowed to develop [the] property."); MacDonald,

Sommmer & Frates v. Yolo County, 477 U.S. 340, 352 n. 8 (1986)(claim not ripe because a "meaningful [variance] application has not yet been made"); Murphy, 402 F.3d at 348 ("Since labeled 'prong-one ripeness,' this jurisdictional prerequisite conditions federal review on a property owner submitting at least one meaningful application for a variance.") (citations omitted).

> As the Second Circuit explained in Murphy,
>
> First, ... requiring a claimant to obtain a final decision from a local land use authority aids in the development of a full record. Second, and relatedly, only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel. Third, a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes. Thus, requiring a meaningful variance application as a prerequisite to federal litigation enforces the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible. Finally ..., federalism principles also buttress the finality requirement. Requiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution.

Murphy, 402 F.3d at 347.

"Absent such final determinations, any review of plaintiff's constitutional claim[] would proceed without: (1) development of a full record, (2) precise demonstration of how local regulations will be applied to particular property, (3) resolution of whether a variance or subdivision approval might provide the relief plaintiff seeks, and thus (4) would risk undue interference in 'matters of local concern more aptly suited for local resolution.'" Lost Trail, 289 Fed. Appx. at 445 (quoting Murphy, 402 F.3d at 348).

> There are, however, exceptions to the rule of ripeness. Where an appeal to a zoning board would be futile, the plaintiff need not appeal to that board. Southview Assoc., Ltd. v. Bongartz, 980 F.2d 84, 98 (2d Cir.1992); see also Murphy, 402 F.3d at 349 ("[A] property owner need not pursue such applications when a zoning agency ... has dug in its heels and made clear

5

  that all such applications will be denied."). In general, however, failure to
  seek a variance prevents a zoning decision from becoming ripe. Williamson,
  473 U.S. at 190, 105 S. Ct. 3108.

Bikur Cholim,, 664 F. Supp.2d at 274-75.

  Although there is no dispute that the pertinent zoning regulations are clear, Plaintiff has not alleged either in his Complaint or in opposition to the instant motion that any Town official indicated that Plaintiff would be denied a variance if he had applied for one. Under these circumstances, the futility exception is inapplicable. See e.g. Lost Trail, 289 Fed. Appx. at 445;[2] S & R Development Estates, LLC v. Bass, 588 F. Supp.2d 452, 463 (S.D.N.Y. 2008).[3]

---

  [2]("Lost Trail submits that its failure to pursue a final decision is nevertheless excused by the doctrine of futility, see [Murphy, 402 F.3d at 349] (observing that "property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied"), as evidenced by the fundamental disagreement between the parties as to whether the property at issue constitutes four lots (plaintiff's view) or one (the view plaintiff ascribes to town officials). Plaintiff has not, however, alleged that the Weston Planning and Zoning Commission lacks discretion to grant the relief it seeks, nor has it alleged that the town entities charged with implementing subdivision and zoning regulations have made clear that applications for relief will be denied. Absent such allegations, the noted disagreement is not enough, by itself, to demonstrate futility.")

  [3]("We do not agree that it would be futile for S & R to seek a variance or permit from the ZBA. Although S & R has faced opposition to its development plan from Town officials and influential Town groups, it has not shown that the prospect of refusal from the ZBA would be certain.").

**III.    CONCLUSION**

For the reasons set forth above, Plaintiff's constitutional claim is not ripe for adjudication and, consequently, the Court lacks jurisdiction to entertain it.  Defendants' motion to dismiss the action [dkt. # 3] is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  The Court does not reach the remaining issues raised in Defendants' motion.

**IT IS SO ORDERED**

DatedOctober 28, 2010:

_____
Thomas J. McAvoy
Senior, U.S. District Judge